IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:18-cr-00512-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| MAURICIO LIMA, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is Defendant Mauricio Lima's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 78. The Court heard oral argument on the motion on February 10, 2022 by telephone. Tr. 95. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

In September 2017, Defendant was arrested on a Criminal Complaint alleging Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin. ECF

No. 1. Defendant was granted pretrial release from custody subject to conditions. ECF No. 12. On October 26, 2018, Defendant was charged by information with a single count of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846 and a single count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 43.

On November 6, 2018, Defendant waived indictment and entered into a plea agreement with the Government. ECF Nos. 46, 48, 49. On the same day, Defendant pleaded guilty to both counts alleged in the Information. ECF No. 47. Defendant's sentencing was continued multiple times following his guilty plea and Defendant remained out of custody on pretrial release. ECF Nos. 53, 54, 55, 58, 59, 60, 61, 62, 63, 64, 65, 68.

On October 27, 2020, the Court sentenced Defendant to 70 months on each count to run concurrently, followed by five years of supervised release. ECF Nos. 71, 73. Defendant was initially ordered to self-surrender on April 1, 2021, but at Defendant's request that date was extended first to June 14, 2021, and then to June 23, 2021. ECF Nos. 71, 75, 76. Following his self-surrender, Defendant began serving his sentence at FCI Sheridan. On October 5, 2021, Defendant filed the present Motion for Compassionate Release. ECF No. 78. The Court heard argument on the motion on February 10, 2022. ECF No. 95.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25

(2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

Page 3 – OPINION AND ORDER

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, . . . but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant submitted his request for compassionate release on July 23, 2021 and the request was denied. The Government agrees that Defendant has exhausted his administrative remedies and that Defendant's motion is properly before the Court.

FCI Sheridan, where Defendant is serving his sentence, is in the midst of a COVID-19 outbreak. Defendant contends that his chronic health conditions individually and cumulatively increase his risk of suffering from severe illness should he contract COVID-19. Defendant suffers from extreme obesity, obstructive sleep

apnea, hyperlipidemia, and prediabetes. The fact that Defendant has those conditions does not compel a finding of extraordinary and compelling reasons. *See United States v. Dixon*, 848 F. App'x 332, 332-33 (9th Cir. 2021) ("The district court considered Dixon's medical conditions and rates of COVID-19 infection at the prison, and did not abuse its discretion in concluding that they did not constitute 'extraordinary and compelling reasons' under § 3582(c)(1)(A).") In addition, the Court notes that Defendant has been vaccinated against COVID-19. A growing consensus of district courts have held that receiving or refusing COVID-19 vaccination "weighs against a finding of extraordinary and compelling circumstances" for purposes of § 3582(c)(1)(A)." *United States v. Baeza-Vargas*, 532 F. Supp.3d 840, 843-45 (D. Ariz. April 5, 2021) (collecting cases). Although Defendant's conditions may increase the risk of severe illness should he contract COVID-19, that risk is substantially mitigated by the efficacy of the vaccine.

Defendant has raised other arguments concerning his sentence and the burden his incarceration has placed on his family. "In deciding motions for compassionate release, the Court should be wary of using the motion to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences," because compassionate release "is not a tool to 'correct' a judgment." *United States v. Schaefer*, 3:17-cv-00400-HZ, 2020 WL 6693237, at *4 (D. Or. Nov. 13, 2020) (internal quotation marks and citations omitted, alterations normalized). Such arguments are beyond the scope of this Court's review on a motion for compassionate release.

And though the Court agrees that the pandemic, and associated conditions at FCI Sheridan have made Defendant's conditions of confinement harsher than they otherwise might have been, the conditions experienced by Defendant have not been so severe or unusual that they constitute extraordinary and compelling reasons for release. The Court need not reach consideration of the applicable sentencing factors under § 3553(a), without a finding of extraordinary and compelling reasons.

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), ECF No. 78, is DENIED without prejudice.

It is so ORDERED and DATED this 11th day of February 2022.

                                       /s/Ann Aiken
                                          Ann Aiken
                             United States District Judge